

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 18, 1958

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-375

Re: Correct distribution of
the bonds held by J. E.
Boyd at the time of his
death on January 7, 1957,
a portion of such bonds
being payable to the son
and daughter of J. E. Boyd,
and related questions.

Dear Mr. Calvert:

You have requested the opinion of this office on the above captioned matter. You advised us as follows:

"J. E. Boyd died testate on January 7, 1957, a resident of Hill County, Texas, seized and possessed of a community estate valued at $143,737.08. The undivided one-half (1/2) community interest of the deceased is $71,868.54 which has been reported to this department for inheritance tax purposes. Under the terms of the last will and testament of the deceased, a life estate was devised to the surviving wife with remainder divided equally between his son and daughter.

"Among the assets of this estate were a number of United States Savings Bonds valued in the amount of $69,750.00, all purchased with community funds payable as follows: $10,700.00 to Husband or Wife, $50.00 to the Testator, $100.00 to the Father or Son, and $59,000.00 to the Father or Daughter.

"You have already advised this department the correct distribution for inheritance tax purposes as to the bonds payable to husband and wife in Opinion No. WW-273. In view of the terms of the last will and testament of the deceased, we kindly ask that you advise this department as to the correct distribution of the bonds made payable to the son and daughter for inheritance tax purposes.

"Further, in the event you hold the bonds payable to the son and daughter of the deceased should be distributed to them, (which will have the effect of passing the full value of the bonds out of the community estate) please advise whether one-half (1/2) of the value of the bonds or the full value should be distributed to the son and daughter."

With your request you submit a copy of the last will of J. E. Boyd and we are here concerned with provisions 3 and 4 of said will which are as follows:

"3.   I desire and direct that all necessary expenses for the personal needs and comfort of my son, John Edwin Boyd, be paid out of my estate by my executrixes hereinafter named, during his life, or so long as his present disabilities continue."

"4.   After the payment of all my just debts and after complying with the provisions made in section (3) above, I give, devise and bequeath to my beloved wife, Rosa Boyd, all property and estate I may be seized and possessed of at the time of my death, for her use and benefit so long as she may live, and at her death all of my property shall vest in my daughter, Mary Jane Boyd, in fee simple, unless at the time of the death of my wife my son, John Edwin Boyd, is still living and has fully and completely recovered from his present disabilities, then in such event my estate shall vest in my two children, Mary Jane Boyd and John Edwin Boyd in fee simple, share and share alike."

You have advised us that John Edwin Boyd, the son, has fully recovered, hence provision 3 of the will quoted above became inoperative and needs no further consideration.

With your opinion request you submit the affidavit filed by Rosa Boyd, the surviving wife of J. E. Boyd, deceased and his daughter, Mary Jane Boyd, who are co-executrices of the estate of J. E. Boyd, Deceased.  This affidavit was filed by them for inheritance tax appraisement in the Estate of J. E. Boyd, Deceased.  All of the United Savings Bonds, the subject of your opinion request, are listed in the affidavit by serial number, the date of issue, the maturity value, and the value at the time of the death of J. E. Boyd.  This affidavit contains the following language:

"All of the above bonds are community property and the decedent's interest is one-half of the values shown above."

The bonds being community property, J. E. Boyd's one-half community interest therein passed to his son and daughter, share and share alike, under the terms of his will, subject to the life estate passing to Rosa Boyd, the surviving wife of J. E. Boyd, under the terms of the will of J. E. Boyd, and you should assess the inheritance tax accordingly.

## S U M M A R Y

The United States Savings Bonds, the subject of your opinion request are community property of J. E. Boyd, deceased, and his surviving wife, Rosa Boyd, and J. E. Boyd's one-half interest therein passed under the terms of his will to his son and daughter, share and share alike, subject to the life estate of his surviving wife, Rosa Boyd.

Yours very truly

WILL WILSON
Attorney General of Texas

By _L. P. Lollar_

L. P. Lollar
Assistant Attorney General

LPL:fb

APPROVED:
OPINION COMMITTEE
George P. Blackburn, Chairman

Morgan Nesbitt

John H. Minton, Jr.

Wayland C. Rivers, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY
W. V. GEPPERT